## Alexandria

SOLID GOLD CORPORATION, d/b/a
COOL HARBOR MOTEL,

AND

PRUDENTIAL LMI COMMERCIAL
INSURANCE COMPANY

v.

JULIE WANG

No. 0111-93-4

Decided March 15, 1994

Counsel

Robert C. Baker, Jr. (Mell and Brownell, on brief), for appellants.

William W. Sharp (John G. Cadden, on brief), for appellee.

Opinion

**BENTON, J.**—Solid Gold Corporation, doing business as Cool Harbor Motel, and Prudential LMI Commercial Insurance Company appeal from the Workers' Compensation Commission's award to Julie Wang for the cost of medical treatment incurred to treat her injury by accident. The appellants contend that (1) oral notice by Wang, the president of the corporation, to her husband, an employee of the corporation, does not constitute timely notice of injury pursuant to Code § 65.2-600, and (2) the insurer was not responsible for medical expenses incurred by Wang before the insurer was notified of the injury and could provide a panel of physicians. We affirm the award.

I.

The evidence proved that Wang is an employee, shareholder, director, and registered agent of Solid Gold Corporation. She manages the motel the corporation owns. On April 8, 1991, Wang suffered an injury by accident while attempting to replace a board at the motel. She immediately told her husband of her injury. Wang and her husband testified that Wang's husband, who was also an employee of the corporation, was responsible for filing workers' compensation claims with the insurer and handling other insurance matters. The husband testified that he knew little about workers' compensation.

When Wang's injury began to cause pain, she visited Dr. William K. Renas, a chiropractor. Dr. Renas treated Wang for pain in her shoulder, back, and neck, and he later referred Wang to a neurologist. After Wang began treatment with Dr. Renas, Dr. Renas sent insurance forms to the agency that handled all the insurance matters for the corporation. The agency then sent to Wang's husband a packet of information, including the first report of accident forms for workers' compensation claims. On October 7, 1991, Wang's husband prepared the form and sent it to the insurer. Wang was still receiving treatment when her husband

sent the report to the insurer, and Wang began orthopedic treatment with Dr. Thomas Daugherty in February 1992.

The deputy commissioner ruled that all treatments received from Dr. Renas and from doctors referred by Dr. Renas were unauthorized and denied Wang's application for workers' compensation benefits, except for medical treatments that Wang received from Dr. Daugherty. On review, the commission found that Wang gave notice to her employer when she informed her husband, the person designated to handle insurance matters, of her injury. Based on that finding, the commission modified the deputy commissioner's award to include medical treatment rendered by Dr. Renas and the neurosurgeon.

## II.

Code § 65.2-600(A) states that "[e]very injured employee . . . shall immediately on the occurrence of an accident . . . give . . . to the employer a written notice of the accident." The statute further provides that failure to give written notice shall not bar medical benefits if the commission finds that the employee had a reasonable excuse for not doing so and that the employer has not been prejudiced. Code § 65.2-600(D).

At the hearings before the deputy commissioner, appellants defended the case on the ground that Wang was "barred from receiving any medical benefits because she failed to give timely notice to the [insurance] carrier pursuant to Code § 65.2-600." On review, the commission noted that "[t]he burden regarding notice, however, required [Wang] to give notice to her *employer*." Appellants argue on appeal that Wang should be barred from receiving medical benefits because the notice was not written.

Although the issue that appellants now raise was not expressly addressed to the commission, the commission found that the employer had actual notice of the injury. *See Department of Game & Inland Fisheries v. Joyce*, 147 Va. 89, 94-95, 136 S.E. 651, 653 (1927). Credible evidence supports that finding. Thus, the appellants have failed to establish any prejudice that resulted from the employer's failure to receive written notice. *See* Code § 65.2-600(C). *See also Westmoreland Coal Co. v. Coffey*, 13 Va. App. 446, 449, 412 S.E.2d 209, 211 (1991). In addition, the commission properly rejected appellants' argument that Code § 65.2-600

required Wang to give notice to the insurer. Code § 65.2-600 requires notice "to the employer."

■ We also affirm the commission's holding that Code § 65.2-101(14) does not apply to Wang. That section requires that any "sole proprietor" or "partner" who elects to be covered as an employee under workers' compensation coverage must notify the insurance carrier, not the "employer," of an injury for purposes of satisfying the Code § 65.2-600 notice requirement. Appellants urge us to hold that the legislature contemplated that registered agents, directors, and shareholders of corporations must also give notice to the insurance carrier for purposes of Code § 65.2-600. We decline to do so.

■ The statute is clear in its description of persons who must satisfy an alternative notice requirement. "The Workers' Compensation Act has always been liberally construed for the benefit of employees and their dependents." *Chesapeake & Potomac Tel. Co. v. Williams*, 10 Va. App. 516, 519, 392 S.E.2d 846, 848 (1990). If the legislature had intended to include employees such as Wang within the ambit of Code § 65.2-101(14), it could have done so. The legislature did not write its statute expansively. We will not so construe it.

### III.

The insurer was given notice of the claim no later than October 1991 when Wang's husband filed the first notice of accident. The commission correctly ruled that Wang "cannot be penalized for the employer's failure to promptly report . . . to their insurance carrier." Wang gave the notice as required by the corporation's procedures.

The appellants have not proved prejudice or Wang's disregard of her duty to select an authorized physician. The physician selected by Wang became the treating physician. *See Davis v. Brown & Williamson Tobacco Co.*, 3 Va. App. 123, 348 S.E.2d 420 (1986). When the insurer was notified of the injury and was informed that Wang was receiving medical treatment, the insurer did not provide Wang with a panel of physicians as permitted by Code § 65.2-603.

Accordingly, we affirm the commission's decision.

*Affirmed.*

Elder, J., and Duff, S.J., concurred.