COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Annunziata and
      Bumgardner
Argued at Alexandria, Virginia


JOSEPH COUSAR
                                        OPINION BY
v.     Record No. 1766-97-4    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                       MARCH 10, 1998
PEOPLES DRUG STORE and
 PACIFIC EMPLOYERS INSURANCE COMPANY


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION
            John C. Duncan, III (Duncan and Hopkins,
            P.C., on brief), for appellant.

            Douglas A. Seymour (Law Offices of Harold A.
            MacLaughlin, on brief), for appellees.


     Joseph Cousar ("claimant") appeals the Workers' Compensation

Commission's order vacating a twenty percent late payment penalty

against Peoples Drug Store and its insurer, Pacific Employers

Insurance Company (collectively "employer").  Claimant asserts

that his benefit payments became due on the date of the final

order of this Court and that the commission erred in vacating the

penalty.  We agree and hold that the payments were due at that

time and reverse the commission.

     On June 10, 1996, the commission awarded claimant permanent

total disability benefits beginning February 20, 1995.  Employer

appealed.  On February 18, 1997, we affirmed the award.  Employer

did not appeal this decision.  On March 21, 1997, employer mailed

to claimant several checks representing the benefits due, and

claimant received them March 25, 1997.

At claimant's request, the deputy commissioner assessed a twenty percent penalty against employer pursuant to Code § 65.2-524 for failure to make payment within two weeks after it became due. Employer appealed the assessment of the penalty. The full commission reversed and vacated the penalty order. On appeal, claimant requests reinstatement of the twenty percent penalty.

The sole question before us is whether benefit payments become due at the time of the entry of a final order of this Court or upon the expiration of the time provided for appeal of our decision to the Supreme Court. This is an issue of first impression. Claimant contends the awarded benefits became due on February 18, 1997, the date of the final order of this Court, and that when employer failed to make payment as required within fourteen days, by March 4, the twenty percent penalty of Code § 65.2-524 became mandatory. Employer argues that the benefits did not become due until March 20, 1997 because the appeal period as provided by Rule 5:17(a)(2) for an appeal from the Court of Appeals to the Supreme Court acts as a suspension of an award until the thirty-day period expires.[1] Further, employer contends the commission's decision to vacate the penalty is supported by credible evidence and the precedent of Code § 65.2-706.

---

[1] "[A] petition for appeal must be filed with the clerk of this Court . . . in the case of an appeal from the Court of Appeals, within 30 days after entry of the judgment appealed from or a denial of a petition for rehearing." Rule 5:17(a)(2).

In vacating the penalty order, the commission extended the grace period in Code § 65.2-524, limited on its face to the two-step process of appeal to the full commission and this Court, to the application period for perfecting an appeal to the Supreme Court. As a general rule, "'[t]he construction afforded a statute by the public officials charged with its administration and enforcement is entitled to be given weight by a court.'" Lynch v. Lee, 19 Va. App. 230, 232, 450 S.E.2d 391, 392 (1994) (citation omitted). However, "[t]his Court should withhold deference . . . 'when the commission's statutory interpretation conflicts with the language of the statute . . . .'" Lynch, 19 Va. App. at 232-33, 450 S.E.2d at 393 (quoting Commonwealth v. May Bros., Inc., 11 Va. App. 115, 119, 396 S.E.2d 695, 697 (1990)).

> Code § 65.2-524 provides that
>     [i]f any payment is not paid within two weeks
>     after it becomes due, there shall be added to
>     such unpaid compensation an amount equal to
>     twenty percent thereof. No such penalty
>     shall be added, however, to any payment made
>     within two weeks after the expiration of (i)
>     the period in which Commission review may be
>     requested pursuant to Code § 65.2-705 or (ii)
>     the period in which a notice of appeal [to
>     this Court] may be filed pursuant to Code
>     § 65.2-706.

This provision specifically suspends the penalty pending an appeal of right to the full commission within twenty days, see Code § 65.2-705, or to this Court within thirty days. See Code § 65.2-706. It goes no further. "[T]he appeal shall operate as

3

a suspension of the award and no employer shall be required to make payment of the award . . . until the questions at issue therein shall have been fully determined in accordance with the provisions of this title."  Code § 65.2-706(C) (emphasis added). Although an employer who files timely appeals to the commission and this Court is not obligated to make any payment until the Court of Appeals rules, nothing in Code § 65.2-706 or elsewhere extends the carrier's right to delay payment without penalty beyond the Court of Appeals level of review.

"The main purpose of statutory construction is to determine the intention of the legislature 'which, absent constitutional infirmity, must always prevail.'"  Last v. Virginia State Bd. of Med., 14 Va. App. 906, 910, 421 S.E.2d 201, 205 (1992) (quoting Board of Supervisors v. King Land Corp., 238 Va. 97, 103, 380 S.E.2d 895, 897 (1989)).  "Where a statute is unambiguous, the plain meaning is to be accepted without resort to the rules of statutory interpretation."  Last, 14 Va. App. at 910, 412 S.E.2d at 205.  "Unless a literal construction of a statute would result in internally conflicting provisions amounting to a 'manifest absurdity,' courts cannot construe a statute in a manner that would result in holding the legislature did not mean what it actually expressed."  Last, 14 Va. App. at 910, 412 S.E.2d at 205 (citing Dairyland Ins. Co. v. Sylva, 242 Va. 191, 194, 409 S.E.2d 127, 129 (1991)).

"[W]hen analyzing a statute, we must assume that 'the

4

legislature chose, with care, the words it used when it enacted the relevant statute, and we are bound by those words as we interpret the statute.'" City of Virginia Beach v. ESG Enters., Inc., 243 Va. 149, 153, 413 S.E.2d 642, 644 (1992) (citation omitted). "'Courts are not permitted to rewrite statutes. This is a legislative function. The manifest intention of the legislature, clearly disclosed by its language, must be applied.'" Barr v. Town & Country Properties, Inc., 240 Va. 292, 295, 396 S.E.2d 672, 674 (1990) (quoting Anderson v. Commonwealth, 182 Va. 560, 566, 29 S.E.2d 838, 841 (1944)). "We may not add to a statute language which the legislature has chosen not to include." County of Amherst Bd. of Supervisors v. Brockman, 224 Va. 391, 397, 297 S.E.2d 805, 808 (1992).

Prior to 1994, payment was not suspended during the period of application for review. See, e.g., Sprouse v. Denton Constr. Co., 71 O.W.C. 308 (1992). In 1994, the legislature amended Code § 65.2-524 by adding the second sentence, providing for suspension of payment during the periods of application for a review of right to the full commission and this Court. This legislative action clearly manifests the General Assembly's intent to shelter employers from payment during these periods. Nothing in the amendment, however, permits an inference that the legislature intended further relief from the statutory penalty to cover the appeal period to the Supreme Court. Indeed, the amended statute specifically did not include an appeal to the

5

Supreme Court.  "If the legislature had intended to [provide relief from payments during the period for appeal to the Supreme Court], it could have done so.  The legislature did not write its statute expansively.  We will not so construe it."  Solid Gold Corp. v. Wang, 18 Va. App. 66, 69, 441 S.E.2d 643, 645 (1994).  We cannot add such additional protection to a statute so limited in scope, nor can we rewrite a statute with language not used by the legislature.  For the foregoing reasons, we reverse.

Reversed.