COURT OF APPEALS OF VIRGINIA


Present: Judges Humphreys, Clements and Senior Judge Coleman
Argued at Richmond, Virginia


STEPHEN J. LEIBOVIC, M.D.

OPINION BY
v.   Record No. 0790-00-2            JUDGE ROBERT J. HUMPHREYS
                                          MARCH 6, 2001
SAN JUANITO MELCHOR, TRUSSWAY, LTD.
 AND LIBERTY MUTUAL INSURANCE CORPORATION


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          S. Vernon Priddy, III (Daniel L. Rosenthal;
          Law Office of Daniel L. Rosenthal, on brief),
          for appellant.

          Roger L. Williams (John T. Cornett, Jr.;
          Williams & Lynch, on brief), for appellees
          Trussway, Ltd. and Liberty Mutual Insurance
          Corporation.

          No brief for appellee San Juanito Melchor.


     Dr. Stephen J. Leibovic appeals a decision of the Workers'

Compensation Commission, holding that he was not entitled to

additional compensation for medical services provided pursuant

to a contract between himself and First Health Group Corporation

("First Health").  Specifically, Dr. Leibovic argues that the

commission erred in finding that Code § 65.2-605 is not a "rule"

or "guideline" for the payment of workers' compensation

healthcare services.[1]

_____
          [1]      "All questions arising under [the Workers'
          Compensation Act ('the Act')] . . . shall be
          determined by the Commission . . . ."  Code

On August 6, 1996, San Juanito Melchor, an employee of Trussway, Ltd., severed his left index finger and thumb in an industrial accident. This claim was accepted as compensable by Trussway. On April 28, 1996, pursuant to an agreement of the parties, an award was entered for medical benefits and compensation.

On October 28, 1998, Dr. Leibovic filed the claim at issue seeking payment for services rendered to Melchor. Dr. Leibovic had charged $22,993 for four surgeries performed on Melchor. However, First Health paid Dr. Leibovic only $10,228.86 for these services.

First Health is a national health benefits service company. It operates a preferred provider organization that contracts with private physicians and other healthcare providers. Pursuant to these contracts, the physicians and medical providers agree to accept certain rates for medical services rendered to workers' compensation claimants when the insurer is one of First Health's clients. In this case, Liberty Mutual

§ 65.2-700. This grant of subject matter jurisdiction includes the authority of the commission to enforce its orders and to resolve coverage and payment disputes. Code § 65.2-714(A) provides the commission exclusive jurisdiction over all disputes concerning payment of the fees or charges of physicians and hospitals.

Combustion Engineering, Inc. v. Lafon, 22 Va. App. 235, 237, 468 S.E.2d 698, 699 (1996) (citation omitted).

Insurance Corporation ("Liberty Mutual"), the carrier for Trussway, was one of First Health's clients. Liberty Mutual had contracted with First Health to use its PPO network to treat workers' compensation claimants. Based on this relationship, Dr. Leibovic claims that Liberty Mutual is responsible for the additional charges. Liberty Mutual contends that pursuant to the contract between First Health and Dr. Liebovic, Dr. Liebovic is entitled to no additional payment.

Appendix A, Section D of the contract between First Health and Dr. Liebovic provides a method for determining payment for medical services as follows:[2]

> Reimbursement from Workers' Compensation Payors for services rendered to occupationally ill/injured employees shall be as follows:
>
> (1) If any state law or regulation establishes rules or guidelines for the payment of health care services, reimbursement shall not exceed 80% of the maximum amount payable under such rules or guidelines. This rate of reimbursement shall apply whether such rules or guidelines are in existence at the time of execution of this agreement or established at a later time.
>
> (2) In absence of any state law or regulation set forth in Section D, Paragraph (1), reimbursement shall be the method set forth in section A, Paragraphs (1), (2) and (3) of this appendix, but in no event shall the reimbursement exceed the usual and

---

[2] The contract at issue was actually executed between Dr. Leibovic and Affordable Health Care Concepts. First Health is the successor in interest to Affordable Health Care Concepts.

customary charge for services, as determined
by AFFORDABLE or Payor.

Dr. Liebovic argues that Paragraph D(1) controls and that he is entitled to 80% of the charges for the surgeries. Liberty Mutual argues that Paragraph D(2) controls. The commission agreed with Liberty Mutual, finding that Code § 65.2-605 is "not [a rule or guideline] for payment of healthcare services within the meaning of the contract." We agree with the commission.

Code § 65.2-605 provides as follows:

> The pecuniary liability of the employer for
> medical, surgical, and hospital service
> herein required when ordered by the
> Commission shall be limited to such charges
> as prevail in the same community for similar
> treatment when such treatment is paid for by
> the injured person and the employer shall
> not be liable in damages for malpractice by
> a physician or surgeon furnished by him
> pursuant to the provisions of § 65.2-603,
> but the consequences of any such malpractice
> shall be deemed part of the injury resulting
> from the accident and shall be compensated
> for as such.

Dr. Liebovic misunderstands the holding of the commission. He asserts the commission held that Code § 65.2-605 was not a rule or guideline. However, the commission merely determined that this particular statute was not a "rule or guideline" as contemplated by the contract section at issue. As the commission noted, Code § 65.2-605 establishes a standard that is often called the prevailing community rate. It provides a mechanism for resolving disputes over medical charges. However, the statute does not establish a minimum charge or schedule of

- 4 -

fees, nor does it prohibit medical care providers from entering into agreements for fee reimbursement in workers' compensation cases.  See Cousar v. Peoples Drug Store, 26 Va. App. 740, 743, 496 S.E.2d 670, 672 (1998) ("As a general rule, the construction afforded a statute by the public officials charged with its administration and enforcement is entitled to be given weight by a court.")

We agree that the statute at issue does not fall within the purview of the contract between Dr. Liebovic and First Health, because it does not establish a rule or guideline for the "payment" of healthcare services.  Accordingly, we affirm the commission's decision in this regard.

Affirmed.