COURT OF APPEALS OF VIRGINIA


Present:  Judges Humphreys, Agee and Kelsey
Argued at Salem, Virginia


CECIL WILLIAM RATLIFF, JR.
                                              OPINION BY
v.    Record No. 1255-02-3          JUDGE G. STEVEN AGEE
                                           JANUARY 21, 2003
CARTER MACHINERY CO., INC. AND
 EMPLOYERS INSURANCE OF WAUSAU


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Traci M. Coleman (Clarence E. Phillips, P.C.,
            on brief), for appellant.

            (Linda D. Frith; E. Albion Armfield; Frith,
            Anderson & Peake, P.C., on brief), for
            appellees.  Appellees submitting on brief.


     Cecil William Ratliff (Ratliff) appeals a decision of the

Workers' Compensation Commission (commission) denying his

request to assess a twenty percent statutory penalty under Code

§ 65.2-524 against Carter Machinery Co., Inc. and its insurer

(employer).  For the reasons that follow, we affirm the

commission's decision.

                         I.  BACKGROUND

     The facts are not in dispute.  Ratliff sustained a

compensable injury to his back for which the parties filed a

memorandum of agreement awarding compensation benefits to him.

This award was terminated when Ratliff returned to work, but

Ratliff sustained another back injury resulting in a second

award of compensation benefits.  The parties resolved both claims through a lump-sum compromise settlement in the amount of $85,000 which was approved by an order of the commission on September 7, 2001.  The order stipulated that "[t]he aforesaid amounts, which total $85,000, shall be due within ten (10) days after entry of this Order."

Ratliff's attorney received the settlement check from employer in his office on October 1, 2001; however Ratliff did not personally receive the check until October 2, 2001.  Ratliff then filed a claim with the commission asserting he was entitled to a twenty percent statutory penalty under Code § 65.2-524 because payment was not made by October 1, 2001 (fourteen days after September 17, 2001, when payment was due under the order).

The employer argued imposition of the penalty was not authorized because Code § 65.2-524, read in its entirety, extends the fourteen-day period by an additional twenty days (the review period under Code § 65.2-705).

As a preliminary matter, the deputy commissioner determined that under Audobon Tree Service v. Childress, 2 Va. App. 35, 341 S.E.2d 211 (1986), the date of mailing a payment to a claimant, not to his attorney, is the date payment is "received."  As Ratliff actually received the check on October 2, 2001, it was a day late if his reading of Code § 65.2-524 was correct.

The deputy commissioner, however, found that payment was timely made by employer and no penalty was due.  The deputy

-

commissioner determined that the period in which payment could be made without penalty was governed by the second sentence of Code § 65.2-524 which provides a grace period of two weeks after the Code § 65.2-705 review period ends.  As October 2, 2001 was within that time period, no penalty could be imposed.  The full commission affirmed the deputy commissioner's decision, and Ratliff now appeals to this Court.

## II.  ANALYSIS

The facts in this case are undisputed, and the question presented is solely an issue of law.  Issues of law are reviewed de novo by this Court.  Rusty's Welding Service, Inc. v. Gibson, 29 Va. App. 119, 127, 510 S.E.2d 255, 259 (1999) (citing Sinclair v. Shelter Constr. Corp., 23 Va. App. 154, 156-57, 474 S.E.2d 856, 857-58 (1996)).

The issue on appeal is one of first impression, although we commented by dicta in Cousar v. Peoples, 26 Va. App. 740, 743, 496 S.E.2d 670, 672 (1998), as to the meaning of Code § 65.2-524.  The statute provides, inter alia,

> If any payment is not paid within two weeks after it becomes due, there shall be added to such unpaid compensation an amount equal to twenty percent thereof . . . .  No such penalty shall be added, however, to any payment made within two weeks after the expiration of (i) the period in which Commission review may be requested pursuant to § 65.2-705 . . . .

Code § 65.2-524.

-

Ratliff acknowledges that the employer could not be subject to the twenty percent penalty, according to the first sentence of the statute, until October 1, 2001.  However, Ratliff fails to address how the second sentence of the statute affects his claim.

The case law relied upon by Ratliff predates the 1994 amendment of Code § 65.2-524, which added the second sentence of that statute.  The 1994 amendment provides the two-week period does not begin to run until the time for a review request to the full commission expires.

> Under basic rules of statutory construction,
> we examine a statute in its entirety, rather
> than by isolating particular words or
> phrases.  When the language in a statute is
> clear and unambiguous, we are bound by the
> plain meaning of that language.  We must
> determine the General Assembly's intent from
> the words appearing in the statute, unless a
> literal construction of the statute would
> yield an absurd result.

Cummings v. Fulghum, 261 Va. 73, 77, 540 S.E.2d 494, 496 (2001) (internal citations omitted); see also Peacock v. Browning Ferris, Inc., 38 Va. App. 241, 249, 563 S.E.2d 368, 372 (2002). So long as the employer could request review by the full commission under Code § 65.2-705, the statute unequivocally provides the twenty percent penalty does not apply until fourteen days after the expiration of the twenty-day review period.

-

In Cousar, 26 Va. App. 740, 496 S.E.2d 670, we noted the effect of the General Assembly adding the second sentence of Code § 65.2-524 in its 1994 amendment:  "[t]his provision specifically suspends the penalty pending an appeal of right to the full commission within twenty days."  Id. at 744, 496 S.E.2d at 672.  That reading is logical and persuasive.  The statute means what it says:  the penalty will not apply until two weeks after the twenty-day appeal period to the full commission expires.  "This legislative action clearly manifests the General Assembly's intent to shelter employers from payment during these periods."  Id. at 745, 496 S.E.2d at 673.  In this case that means payment could have been made by the employer through October 11, 2001, without liability for a penalty under Code § 65.2-524.[1]

Ignoring the plain meaning of the statute, Ratliff essentially argues that by setting a date certain for payment, September 17, 2001, the parties superseded the statute by private contract.  This they cannot do.  The legal basis for the employer's payment to Ratliff is found in the commission's order, not in a memorandum of agreement between the parties.

---

[1] Assuming employer received the commission's order of September 7, 2001, on that date, the twenty-day review period under Code § 65.2-705 expired, at the earliest, on September 27, 2001.  Therefore, the additional fourteen-day period expired no earlier than October 11, 2001, so no penalty could be imposed for a payment received before that date.  Of course, the time for calculating the twenty-day period of Code § 65.2-705 runs from the party's receipt of the order, not the date of entry.

-

Because the settlement must be approved by the commission, the parties may not contradict, by private agreement or otherwise, the terms of the statute.  See Code § 65.2-701(A) ("If approved, the agreement shall be binding, and an award of compensation entered upon such agreement shall be for all purposes enforceable as provided by § 65.2-710.  If not approved, the same agreement shall be void." (Emphasis added.)); Damewood v. Lanford Bros. Co., 29 Va. App. 43, 45, 509 S.E.2d 530, 531 (1999).

## III.  CONCLUSION

We hold that Code § 65.2-524 expressly prohibits the imposition of a twenty percent penalty for late payment of a compensation claim until fourteen days after the time for review has expired under Code § 65.2-705.  Accordingly, the decision of the commission is affirmed.

Affirmed.

-