COURT OF APPEALS OF VIRGINIA


Present:   Judges Benton, McClanahan and Senior Judge Coleman
Argued at Richmond, Virginia


B & H CONSTRUCTION, INC. AND
  ERIE INSURANCE EXCHANGE

                                                    MEMORANDUM OPINION* BY
v.        Record No. 1205-05-2           JUDGE ELIZABETH A. McCLANAHAN
                                                         APRIL 25, 2006
HAROLD J. BAKER


              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              Ralph L. Whitt, Jr. (Michael P. Del Bueno; Whitt & Associates,
              on briefs), for appellants.

              R. Ferrell Newman (Thompson, Smithers, Newman & Wright,
              on brief), for appellee.


       B & H Construction, Inc. ("B & H") and its insurer appeal a decision of the Workers'

Compensation Commission awarding medical benefits to Harold J. Baker.  B & H contends the

commission erred in finding that Baker:  (1) sustained an injury by accident arising out of and in

the course of his employment; and (2) gave timely notice of his accident to his employer.  For

the reasons that follow, we affirm the decision of the commission.

                                        I.  BACKGROUND

       We view the evidence and all reasonable inferences in the light most favorable to Baker,

the prevailing party before the commission.  Tuck v. Goodyear Tire & Rubber Co., 47 Va. App.

276, 279, 623 S.E.2d 433, 434 (2005).  Baker was the president and sole stockholder of B & H, a

general contracting business organized as a Subchapter S corporation.  He was also the only

officer and director of the corporation.  His duties included estimating jobs and overall

_____

       * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

responsibility for running the business. In addition, prior to his accident at work, Baker engaged in all "physical aspects" of B & H's construction work.

On December 7, 2001, Baker was doing office work while sitting in a chair at a desk in the home office he maintained for B & H. The chair, which was on rollers, flipped over as he pushed away from the desk. A rug covering a portion of the concrete floor was located approximately four to five inches behind the chair. The chair flipped in the location of the rug's edge. Baker "believed that the chair's rollers got caught in the rug when he pushed the chair back causing it to flip." Baker landed on the concrete floor with the chair's rollers pushed into his lower back. He "immediately felt extreme pain in his lower back and numbness in his legs." Additionally, commencing at the time of the accident, his symptoms "differed from and were more severe than any symptoms he had ever previously experienced in his back or lower extremities."

Approximately six months before the accident, Dr. Donald Ganley, Baker's family physician, examined Baker for hypertension and "other medical problems." Baker stated to Dr. Ganley during the examination that he occasionally experienced numbness starting in his buttocks and going down his legs when standing or walking, but the numbness went away "instantly" when he bent over or sat down. Dr. Ganley opined that the numbness was "probably due to mild lumbar stenosis."

Shortly after the December 7, 2001 accident, Baker returned to Dr. Ganley, described the accident, and explained that since the accident he had experienced "numbness down both legs and also on the buttocks and around the scrotum." Dr. Ganley "suspect[ed]" Baker's fall "aggravated the lumbar spinal stenosis that [he] suspected last visit," and referred Baker for an MRI and follow-up with Dr. Jackson Salvant, a neurosurgeon.

An MRI of Baker's lumbar spine was performed on January 8, 2002 and showed "scattered" degenerative changes. The "most marked" degenerative change was at L4/5, where it showed "moderate severe spinal stenosis." Three days later, Dr. Salvant examined Baker and reviewed the MRI findings with him. In his report, Dr. Salvant noted Baker's accident and that Baker described "persistent" back and leg pain and leg numbness following his fall. Dr. Salvant recommended that Baker receive an epidural steroid injection and that he "avoid heavy use of his back, including a lot of bending, twisting, and lifting." He also indicated Baker would likely need to undergo a lumbar decompression and instrumented fusion in the future.

By the time of the commission hearing in August 2004, Baker testified that he could not walk more than a block without his legs becoming "completely numb" and could not lift weight "of any amount."

As president of B & H, Baker completed an employer's accident report regarding his accident and submitted it to the carrier on November 14, 2003. On the same day, Baker also filed a claim with the commission for disability benefits for his back injury. He later amended his claim, seeking only medical benefits.

B & H and its insurance carrier disputed that Baker sustained a compensable injury and that he gave timely notice of his accident as required by the Workers' Compensation Act under Code §§ 65.2-101 and -600. Specifically, B & H contended Baker was required to give timely notice of the accident directly to the carrier, rather than to his employer. Following the hearing on Baker's claim, the deputy commissioner found that Baker's accident arose out of and in the course of his employment, that he gave timely notice to the proper party, but that he failed to prove he was injured as a result of the accident. A majority of the full commission affirmed the deputy commissioner's findings in favor of Baker and reversed on the issue of causation, finding

that Baker did sustain a compensable injury. Accordingly, the commission awarded medical benefits to Baker as long as necessary.

## II. ANALYSIS

"[W]e defer to the commission in its role as fact finder." Tuck, 47 Va. App. at 282, 623 S.E.2d at 436 (citing VFP v. Shepherd, 39 Va. App. 289, 292, 572 S.E.2d 510, 511 (2002)). "'If supported by credible evidence, the factual findings of the commission are binding on appeal.'" Id. (quoting Tomes v. James City (County of) Fire, 39 Va. App. 424, 430, 573 S.E.2d 312, 315 (2002)). This includes "the commission's 'conclusions upon conflicting inferences, legitimately drawn from proven facts.'" Berglund Chevrolet, Inc. v. Landrum, 43 Va. App. 742, 750, 601 S.E.2d 693, 697 (2004) (quoting Watkins v. Halco Eng'g, Inc., 225 Va. 97, 101, 300 S.E.2d 761, 763 (1983)).

### A. Injury by Accident Arising out of and in the Course of Employment

"In order to establish entitlement to compensation benefits, the claimant must prove, by a preponderance of the evidence, an injury by accident which arose out of and in the course of his employment." Classic Floors, Inc. v. Guy, 9 Va. App. 90, 95, 383 S.E.2d 761, 764 (1989); see also Code § 65.2-101; Combs v. Virginia Elec. & Power Co., 259 Va. 503, 508, 525 S.E.2d 278, 281 (2000); Southern Express v. Green, 257 Va. 181, 187, 509 S.E.2d 836, 839 (1999).

Challenging the commission's award of medical benefits to Baker, B & H first argues there was insufficient evidence to support the commission's finding that Baker sustained a back injury causally related to his December 7, 2001 accident. "[A]n 'injury by accident' occurs when the injury appears 'suddenly at a particular time and place, and upon a particular occasion;' when it is 'caused by an identifiable incident, or sudden precipitating event;' and when the injury results 'in an obvious mechanical or structural change in the human body.'" Combs, 259 Va. at 508, 525 S.E.2d at 281 (quoting Southern Express, 257 Va. at 187, 509 S.E.2d at 839).

- 4 -

Based on what B & H describes as Baker's "pre-existing low back problems similar to what he experienced after the accident," B & H contends Baker failed to prove the requisite causal connection between his back injury and the accident. The fact, however, that such an injury is "the aggravation of a pre-existing condition" does not negate its status as an "injury by accident" under the Act. Combs, 259 Va. at 511, 525 S.E.2d at 283; see also Ohio Valley Constr. Co. v. Jackson, 230 Va. 56, 58, 334 S.E.2d 554, 555 (1985) (affirming award of workers' compensation benefits to employee disabled from aggravation of pre-existing spinal stenosis in work-related accident); Blue Ridge Mkt. of Va., Inc. v. Patton, 39 Va. App. 592, 596, 575 S.E.2d 574, 576 (2003) ("It is well settled that an accident that accelerates or aggravates a preexisting condition is compensable."). Moreover, the evidence in this case established that the scope, duration, and severity of Baker's symptoms at the time of and subsequent to the accident, consisting of pain and numbness in his back and legs, were much greater than the symptoms he experienced previously—all of which support the commission's finding that Baker sustained an "injury by accident" at work at the time of his fall.

B & H further contends Baker's evidence of causation was insufficient because his treating physicians made no definitive statement regarding causation. B & H specifically points to Dr. Ganley's report, in which Dr. Ganley stated that he "suspect[ed]" a causal connection between Baker's fall and the aggravation of a pre-existing condition, namely, lumbar spinal stenosis. In making this argument, B & H completely disregards Baker's testimony regarding causation, contrary to Virginia law. "A finding of causation need not be based exclusively on medical evidence. 'The testimony of a claimant may also be considered in determining causation, especially where the medical testimony is inconclusive.'" Lee County Sch. Bd. v. Miller, 38 Va. App. 253, 260, 563 S.E.2d 374, 377-78 (2002) (quoting Dollar Gen. Store v. Cridlin, 22 Va. App. 171, 176, 468 S.E.2d 152, 154 (1996)); see also Farmington Country Club,

Inc. v. Marshall, 47 Va. App. 15, 26, 622 S.E.2d 233, 239 (2005) ("Causation of a medical condition may be proved by either direct or circumstantial evidence, including medical evidence or 'the testimony of a claimant.'" (quoting Dollar Gen. Store, 22 Va. App. at 176, 468 S.E.2d at 154)); Turcios v. Holiday Inn Fair Oaks, 24 Va. App. 509, 517, 483 S.E.2d 502, 506 (1997) ("[C]ausation between an injury and a disability need not be established by the testimony of a medical expert." (citation omitted)).

Applying these principles, we cannot say, as a matter of law, that the commission erred in finding a casual connection between Baker's back injury and his accident. The commission credited both the physicians' reports and Baker's testimony. In determining whether credible evidence exists to support the commission's findings, "[w]e do not retry the facts before the [c]omission nor do we review the weight, preponderance of the evidence, or the credibility of the witnesses." Caskey v. Dan River Mills, Inc., 225 Va. 405, 411, 302 S.E.2d 507, 510 (1983). The commission's finding of causation on this issue is thus binding and conclusive on appeal.

B & H next argues there was insufficient evidence to prove that Baker's accident at work was an accident "arising out of" and "in the course of" his employment.

> The phrase "arising out of" pertains to the origin or cause of an injury. . . . An injury arises "out of" the employment, when there is apparent to the rational mind upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury.

Combs, 259 Va. at 509, 525 S.E.2d at 282.

> The phrase arising "in the course of" employment refers to the time, place, and circumstances under which the accident occurred. An accident occurs "in the course of the employment" when it takes place within the period of the employment, at a place where the employee may reasonably be, and while he is reasonably fulfilling duties of his employment or engaged in doing something incidental thereto.

Id. at 511, 525 S.E.2d at 283 (internal quotation marks and citations omitted).

At the time of the accident, Baker, the sole officer of B & H, was doing office work while sitting in an office chair at a desk in B & H's home office. He was in a chair on rollers inches from the edge of a rug covering a portion of the concrete floor. Thus, as the commission found, while in the course of his employment, Baker was required to roll the chair onto the rug in order to push the chair back from the desk. The commission further found that, based on those facts, Baker's employment posed a specific risk, "that is, the claimant's use of a chair on rollers and the danger of [the rollers] becoming entangled in a rug that was located behind his desk." That risk, the commission concluded, caused Baker's chair to flip over and him to fall.

"If there is evidence or reasonable inference that can be drawn from the evidence to support the Commission's findings," those findings will not be disturbed on appeal. Caskey, 225 Va. at 411, 302 S.E.2d at 510. Accordingly, from the record before us, we cannot say, as a matter of law, the commission erred in finding that Baker's accident arose out of and in the course of his employment.

## B. Notice of Injury to Employer

Finally, B & H argues Baker failed, as a matter of law, to provide timely notice of the accident, as required by the Act under Code §§ 65.2-101 and -600. As the relevant facts are undisputed, B & H presents "a purely legal question on appeal," which we thus review *de novo*. McKnight v. Work Env't Assoc's & Travelers, 43 Va. App. 189, 193, 596 S.E.2d 573, 575 (2004).

Code § 65.2-600 requires an employee to provide notice of his work-related accident to his employer "as soon thereafter as practicable." An employee who is also a "sole proprietor" or a "partner" is required to give notice under Code § 65.2-600 directly "to the insurance carrier." Code § 65.2-101 ("Employee" at 1.n). Baker waited nearly two years after his accident to notify the carrier directly, which was the same time he filed his claim for benefits with the commission.

- 7 -

On the employer's accident report, which Baker submitted to the carrier as president of the company, Baker listed the date of his accident, December 7, 2001, and indicated that he reported the accident to his employer on that date, because he obviously "knew that he, himself had been injured on that date."

B & H contends that, because Baker was "the only owner, shareholder, and officer [of B & H] at the time of the accident," he should have filed a notice of accident directly with the carrier "as soon as practicable," just as a sole proprietor or partner under Code § 65.2-101. B & H thus challenges the commission's conclusion that Baker met the Code § 65.2-600 notice requirement, and that Code § 65.2-101 was inapplicable, because "the employer's president and director—that is, the claimant—received immediate and actual notice of the claimant's accident and injury." We agree with the commission, and reject B & H's argument, based on our decision in <u>Solid Gold Corp. v. Wang</u>, 18 Va. App. 66, 441 S.E.2d 643 (1994).

In <u>Wang</u>, this Court rejected an argument that the legislature contemplated that a claimant such as Wang, who was an employee, shareholder, director, and registered agent of her corporate employer, was required to give notice to the insurance carrier for purposes of Code § 65.2-600. As this Court explained, in referencing Code § 65.2-600, Code § 65.2-101 "is clear in its description of persons who must satisfy an alternative notice requirement," which is limited to sole proprietors and partners who elect to be covered as an employee under the Act. <u>Id.</u> at 69, 441 S.E.2d at 645. Had the legislature intended to include such employees within the scope of the alternative notice requirement in Code § 65.2-101, "it could have done so. The legislature did not write its statute expansively. We will not so construe it." <u>Id.</u>

For these reasons, we conclude that credible evidence supports the commission's finding that Baker sustained a compensable back injury on December 7, 2001, and that he gave timely

notice of his accident to his employer, as required under the Act.  Accordingly, we affirm the commission's decision awarding medical benefits to Baker.

Affirmed.
