277 Neb. 656
JON OBERMILLER, APPELLANT,
v.
PEAK INTEREST, L.L.C, DOING BUSINESS AS PIZZA HUT, AND TIG INSURANCE COMPANY, APPELLEES.
No. S-08-836.
Supreme Court of Nebraska.
Filed April 23, 2009.
Nicole M. Mailahn, of Jacobsen, Orr, Nelson, Lindstrom & Hokbrook, P.C., L.L.O., for appellant.
Bill Lamson, of Timmermier, Gross & Prentiss, for appellees.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.
CONNOLLY, J.

SUMMARY
After an employer or its insurer has paid compensation, Neb. Rev. Stat. § 48-137 (Reissue 2004) bars an employee's claim if the employee fails to file suit within 2 years after the last payment. This appeal addresses whether the statute of limitations begins to run when the employer or its provider mails payment or when the employee receives payment. The trial judge determined that the date the employer mails payment starts the statute of limitations and granted summary judgment to the employer. The review panel affirmed. We reverse, and remand with directions because using the date the employee receives payment gives the employee a more definitive date for knowing when the statute of limitations starts.

BACKGROUND
On October 23, 1996, Jon Obermiller sustained an injury while employed with Peak Interest, L.L.C., doing business as Pizza Hut. He alleged that his injury accelerated a preexisting injury to both knees. He filed a compensation claim against Peak Interest and its insurer, TIG Insurance Company (hereinafter collectively Pizza Hut), on February 8, 2005.
In its answer, Pizza Hut alleged that under § 48-137, the statute of limitations barred Obermiller's cause of action. Under § 48-137, when an employer or its insurer has paid compensation, all claims shall be forever barred 2 years from the time of the making of the last payment. Pizza Hut claims that it mailed its last payment on February 7, 2003. Because Obermiller filed his claim on February 8, 2005, Pizza Hut alleged that the statute of limitations barred his claim. Obermiller countered that because his treating physician did not receive the payment until February 13, 2005, the statute of limitations did not bar his claim.
Thus, the issue presented to the trial judge was whether the starting date for the statute of limitations period began the date Pizza Hut mailed the last payment or the date Obermiller's physician received it. Relying upon Brown v. Harbor Fin. Mortgage Corp.,[1] the trial judge found that a certain consistency ought to exist when interpreting "payment" in the workers' compensation statutes. He could discern no reasonable distinction between the making of a last payment by mail under § 48-137 and a payment mailed within 30 days under Neb. Rev. Stat. § 48-125(1) (Reissue 2004). Based upon this reasoning, the trial judge held that February 7, 2003the day Pizza Hut mailed paymenttriggered the running of the statute of limitations. The trial judge thus ruled that the statute of limitations barred Obermiller's claim and granted Pizza Hut summary judgment. The Nebraska Workers' Compensation Court review panel affirmed the decision.

ASSIGNMENTS OF ERROR
Obermiller asserts that (1) the review panel erred in finding that the statute of limitations barred his claim and (2) the review panel erred in affirming the trial judge's granting of summary judgment.

STANDARD OF REVIEW
Under Neb. Rev. Stat. § 48-185 (Reissue 2004), we may modify, reverse, or set aside a Workers' Compensation Court decision only when (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award.[2]
Determining when the statute of limitations starts under § 48-137 presents a question of law. When reviewing a question of law, we resolve it independently of the lower court's determination.

ANALYSIS
Section 48-137 sets out the statute of limitations for workers' compensation claims:
In case of personal injury, all claims for compensation shall be forever barred . . . two years after the accident. . . . When payments of compensation have been made in any case, such limitation shall not take effect until the expiration of two years from the time of the making of the last payment.
The workers' compensation statutes do not define "time of the making of the last payment." At the heart of our inquiry is whether this phrase means when compensation is mailed or when it is received. Relying on our decisions in Brown, both the trial judge and the review panel concluded that the date of mailing triggers the statute of limitations. We understand why Brown may appear to resolve the conflict. We believe, however, this appeal presents a different issue.
In Brown, we considered whether an insurance carrier who mailed a check within 30 days of the entry of a compensation award subjected the employer to a 50-percent penalty for delinquent payment. Under § 48-125(1), "fifty percent shall be added for waiting time for all delinquent payments after thirty days' notice has been given of disability or after thirty days from the entry of a final order, award, or judgment of the compensation court." Because the employee received the check 33 days after the entry of the award, she claimed the employer owed her penalty fees. We concluded that the employer mailed compensation within 30 days and was not delinquent.
Pizza Hut claims that under our holding in Brown, an employer makes payment when it mails a check, not when the employee receives it. Because § 48-137, like § 48-125, refers to an employer's or insurer's "payment," Pizza Hut argues that we should apply the same rule here. It contends the underlying factual basis of Brown concerning the "date of mailing" and "receipt date" mirrors this case. So, Pizza Hut argues that we should construe §§ 48-125 and 48-137 consistently.
But, as Obermiller notes, in Brown, we did not conclude that mailing a check equated to making a payment. We held only that § 48-125 does not trigger a penalty for an employer who mails compensation within 30 days of the entry of an award.
Obermiller argues that instead of relying upon Brown, we should focus on the definition of "payment." He argues that under that definition, delivery of payment provides the critical event.[3] Obermiller also relies on commercial law and creditordebtor rules.
Obermiller argues that under these rules, an employer makes a conditional payment when the creditorin this case, Obermillerreceives payment by a check from the debtor, Pizza Hut.[4] If the check is honored, the condition is removed and payment relates back to the date Obermiller received the check.
The Pennsylvania Supreme Court adopted this position in Romaine v. W.C.A.B. (Bryn Mawr Nur. Home).[5] That court analyzed when the "most recent payment of compensation" occurred under Pennsylvania's workers' compensation statute of limitations.[6] Relying upon the Uniform Commercial Code, the court concluded:
Five dates in the life of a check are significant, being the date the check is cut, the date it is mailed, the date it is received, the date it is cashed or deposited, and the date upon which it is honored or dishonored. For purposes of the statute of limitations contained in Section 413(a), the only date of import is the date upon which the check is received. That date constitutes the last payment of compensation and, although payment is conditional on that date, the condition is satisfied when the check is honored and payment relates back to the date of its receipt.[7]
In contrast, the Delaware Supreme Court concluded that the date the employer mailed the check triggered the statute of limitations.[8] Similarly to § 48-137, Delaware's statute provides that after compensation has been paid, the statute of limitations bars claims 5 years "from the time of the making of the last payment."[9] But unlike the Pennsylvania Supreme Court, the Delaware Supreme Court in LeVan focused on the meaning of "making" a payment. It concluded that "making" the last payment occurred when the maker of the check caused it to exist. Furthermore, the court reasoned that its interpretation provided the most predictable date for triggering the statute of limitations and was also consistent with using the date of mailing in other contexts under the state's workers' compensation and wage payment statutes.[10]
Other state courts that have determined benefit payments were made on the date of mailing did so in deciding whether to assess late payment penalties[11]; they did not decide the trigger date for the statute of limitations. Whether to assess late payment penalties under § 48-125 was precisely the issue decided in Brown. We recognize the benefit of consistency within the workers' compensation statutes; yet, we cannot overlook the fundamental differences between the time limits for payment of benefits under § 48-125 and for filing a claim within the statute of limitations period under § 48-137. The differences lie in which party is penalized for noncompliance with the time limit and the purpose that the date of payment serves under each statute.
It is true that both statutes refer to the date an employer or insurer pays benefits. But § 48-125 imposes penalties when the employer fails to pay benefits within 30 days of an award. And the employer or insurer obviously knows the date that the trial judge entered the award. So under § 48-125, the date of mailing rule places compliance with the time limit in control of the party who will be penalized for noncompliance. It allows the employer or insurer to know precisely whether its payment will avoid any penalties.
But the date of mailing rule does not create certainty under the statute of limitations from the claimant's perspective. And under § 48-137, it is the employee, not the employer, who is penalized for failing to comply with the time limit. Thus, the employee has the greatest interest in knowing precisely when the statute will start to run. But unlike the definite trigger date for the employer's time limit under § 48-125, using the date of mailing rule under § 48-137 would create an unsure trigger date for the claimant. The trigger date would remain in the hands of the employer or insurer, and the claimant would often not know precisely when the employer mailed the payment. In contrast, using the date the employee receives payment puts compliance with the time limit in control of the party who will be penalized for noncompliance.
Thus, we disagree with the Workers' Compensation Court that the two statutes lack any legal distinction that would justify using different rules for determining the date that an employer or insurer made a payment of benefits. Because the date of payment serves a different purpose under § 48-137, we conclude that Brown does not control. We hold that under § 48-137, the "time of the making of the last payment" means the date the employee or the employee's provider receives payment.
We reverse the review panel's decision and remand the cause to the review panel for remand to the trial judge with directions to reverse the trial judge's order granting summary judgment.
REVERSED AND REMANDED WITH DIRECTIONS.
MILLER-LERMAN, J., participating on briefs.
NOTES
[1] Brown v. Harbor Fin. Mortgage Corp., 267 Neb. 218, 673 N.W.2d 35 (2004).
[2] Money v. Tyrrell Flowers, 275 Neb. 602, 748 N.W.2d 49 (2008).
[3] See Black's Law Dictionary 1165 (8th ed. 2004).
[4] See, 60 Am. Jur. 2d Payment § 39 (2003); 70 C.J.S. Payment § 22 (2005).
[5] Romaine v. W.C.A.B. (Bryn Mawr Nur. Home), 587 Pa. 471, 901 A.2d 477 (2006).
[6] 77 Pa. Cons. Stat. Ann. § 772 (West 2002).
[7] Romaine, supra note 5, 587 Pa. at 487-88, 901 A.2d at 486.
[8] LeVan v. Independence Mall, Inc., 940 A.2d 929 (Del. 2007).
[9] Del. Code Ann. tit. 19, § 2361(b) (2005).
[10] LeVan, supra note 8.
[11] See, American Intern. Group v. Carriere, 2 P.3d 1222 (Alaska 2000); Robbennolt v. Snap-On Tools Corp., 555 N.W.2d 229 (Iowa 1996); Northeast Georgia Health System v. Danner, 260 Ga. App. 504, 580 S.E.2d 293 (2003); Audobon Tree Service v. Childress, 2 Va. App. 35, 341 S.E.2d 211 (1986) (superseded by statute as stated in Ratliff v. Carter Machinery Co., Inc., 39 Va. App. 586, 575 S.E.2d 571 (2003)).