COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Willis and Clements
Argued at Richmond, Virginia


MICHAEL B. PEACOCK
                                            OPINION BY
v.    Record No. 1772-01-2      JUDGE JEAN HARRISON CLEMENTS
                                          MAY 14, 2002
BROWNING FERRIS, INC.


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Richard F. Gorman, III, for appellant.

            Timothy E. Howie (Hartel, Kane, DeSantis,
            MacDonald & Howie, LLP, on brief), for
            appellee.


        Michael B. Peacock (claimant) appeals the decision of the

Workers' Compensation Commission (commission) rejecting his

request for review of the deputy commissioner's denial of his

claim for benefits.  The commission concluded that the

claimant's request for review was untimely because it was not

filed within twenty days of his attorney's receipt by certified

mail of a copy of the deputy commissioner's opinion, as required

by Code § 65.2-705(A).  Claimant contends the commission erred

in reaching that conclusion because Code § 65.2-705(A)'s

twenty-day limitation period for filing a request for review

begins to run only when, as required by Code § 65.2-704(A), the

party, rather than the party's attorney, receives a copy of the

deputy commissioner's opinion by registered or certified mail.

We agree with claimant and, therefore, reverse the commission's decision and remand this matter to the commission for further proceedings.

## I. BACKGROUND

The relevant facts and procedural posture of this case are not in dispute. On July 29, 1998, claimant filed a claim with the commission alleging that he had suffered a compensable industrial injury by accident or, alternatively, a compensable occupational disease while in the employ of Browning Ferris, Inc. (employer). On March 2, 1999, following a hearing on claimant's claim on February 4, 1999, at which claimant was represented by counsel, the deputy commissioner issued an opinion denying claimant's claim under both theories of recovery.

That same day, the commission mailed copies of the deputy commissioner's opinion by certified mail to counsel of record for the parties and by regular first-class mail to the parties. Claimant's counsel received a copy of the opinion by certified mail on March 4, 1999. Having no prior knowledge of the deputy commissioner's ruling, claimant received a copy of the opinion by regular first-class mail on March 6, 1999.

On March 25, 1999, claimant, proceeding pro se, filed a request for review of the deputy commissioner's opinion by the full commission. By letter dated March 31, 1999, the chief deputy commissioner rejected claimant's request for review,

-

ruling that the commission lacked jurisdiction to hear the requested review because claimant's request for review was not filed within twenty days of his attorney's receipt by certified mail of the deputy commissioner's opinion.

Represented by newly retained counsel, claimant appealed the commission's decision to this Court. We remanded the case to the commission for further factual findings and for "such disposition deemed appropriate by the commission" of the issue of the timeliness of claimant's request for review. Peacock v. Browning Ferris, Inc., Record No. 1007-99-2 (Va. Ct. App. January 27, 2000).

Following an evidentiary hearing, the deputy commissioner issued his opinion on September 27, 2000. He found that claimant's attorney received a copy of the deputy commissioner's March 2, 1999 opinion by certified mail on March 4, 1999 and that claimant received a copy of that opinion by first-class mail on March 6, 1999. Relying on the commission's holding in Clay v. Ogden Allied Building Services, 75 O.W.C. 83 (1996), that the sending of a copy of the opinion by certified mail solely to a party's counsel of record satisfies Code § 65.2-704(A)'s requirement that a copy of the opinion be sent by registered or certified mail to the "parties at issue," the deputy commissioner concluded that Code § 65.2-705(A)'s twenty-day limitation period for claimant to file a request for review commenced when his counsel received a copy of the deputy

-

commissioner's opinion by certified mail on March 4, 1999.
Thus, the deputy commissioner determined that claimant's request
for review filed on March 25, 1999 was untimely.

On October 2, 2000, claimant requested review by the
commission of the deputy commissioner's September 27, 2000
opinion. On June 14, 2001, the commission issued an opinion
affirming the deputy commissioner's opinion.

Citing Clay, the commission held that receipt by claimant's
attorney of the deputy commissioner's opinion on March 4, 1999,
triggered the running of Code § 65.2-705(A)'s twenty-day
limitation period. Although one commissioner believed that the
commission was required under Code § 65.2-704(A) to send copies
of its opinions by registered or certified mail to the parties
themselves, the majority of the commission concluded that,
because Code §§ 65.2-704(A) and 65.2-705(A) and Rule 3.1 of the
Rules of the Workers' Compensation Commission[1] made no specific
reference to "private" or "individual" parties, sending the

---

[1] Although not before us on appeal, we observe that, in
apparent contrast to Code § 65.2-705(A)'s requirement that the
commission review an award or opinion if "an application for
review is made to the Commission within twenty days after
receipt of notice of such award" or opinion, Rule 3.1 of the
Rules of the Workers' Compensation Commission provides that a
"request for review of a decision or award of the Commission
shall be filed by a party in writing with the Clerk of the
Commission within 20 days of the date of such decision or
award." (Emphases added.) Where a rule of the commission
conflicts with a statute, the statute must prevail. See Brown
v. United Airlines, 34 Va. App. 273, 276, 540 S.E.2d 521, 522
(2001) (noting that the commission has no power to make rules
that are inconsistent with the Workers' Compensation Act).

-

opinion by certified mail solely to claimant's counsel of record satisfied Code § 65.2-704(A)'s mandate that the commission's opinions be sent "to the parties at issue by registered or certified mail."

The commission reasoned that the receipt of the copy of the opinion by claimant's attorney constituted receipt by claimant because, under the principles of agency, the acts and omissions of a party's attorney are imputed to the party and the party is bound by them. "Thus," the commission noted, "the required certified or registered copies are sent to a single representative of each party, in most cases an attorney, although courtesy copies are also provided to the individual or 'private' parties . . . ." "To hold otherwise," the commission stated, "would . . . impose an impracticable burden on the Commission, and subject the individual parties to unnecessary states of limbo even after the claim was decided."

## II. ANALYSIS

Code § 65.2-704(A) provides, in pertinent part, as follows:

> The Commission or any of its members or
> deputies shall hear the parties at issue,
> their representatives, and witnesses; shall
> decide the issues in a summary manner; and
> shall make an award or opinion carrying out
> the decision. A copy of the award or
> opinion shall be sent immediately to the
> parties at issue by registered or certified
> mail.

-

Code § 65.2-705(A) provides, in pertinent part, as follows:

> If an application for review is made to the Commission within twenty days after receipt of notice of such award to be sent as provided in subsection A of § 65.2-704, the full Commission . . . shall review the evidence or, if deemed advisable, as soon as practicable, hear the parties at issue, their representatives, and witnesses.

It is well-established that, absent an allegation of fraud or duress, the full commission has no jurisdiction to review an award or opinion if the request for review of that award or opinion was filed with the commission beyond the twenty-day limitation period set forth in Code § 65.2-705(A) for seeking review of an award or opinion. McCarthy Elec. Co. v. Foster, 17 Va. App. 344, 345, 437 S.E.2d 246, 247 (1993). Claimant did not allege fraud or mistake. Thus, the dispositive question in this case is whether, as the commission concluded, Code § 65.2-705(A)'s twenty-day limitation period began to run on March 4, 1999, when claimant's attorney of record received a copy of the deputy commissioner's March 2, 1999 opinion by certified mail. If so, claimant's request for review filed March 25, 1999 was untimely and the commission had no jurisdiction to review the matter.

The parties agree that, because Code § 65.2-705(A) provides that the twenty-day limitation period for filing a request for review begins to run upon receipt of notice of an award or opinion "sent as provided in subsection A of § 65.2-704," and

-

because Code § 65.2-704(A) requires that a copy of the award or opinion be sent "to the parties at issue by registered or certified mail," resolution of the question of when the limitation period began to run in this case turns on the construction of the term "the parties at issue" as used in the directive set forth above.

Claimant contends the plain language of Code §§ 65.2-704(A) and 65.2-705(A) indicates the legislature intended that the limitation period start to run only when the party, rather than the party's counsel, receives a copy of the award or opinion by registered or certified mail. Thus, claimant argues, Code § 65.2-705(A)'s limitation period never commenced with respect to his request for review filed March 25, 1999, because the commission failed to send him a copy of the deputy commissioner's March 2, 1999 opinion by registered or certified mail. Hence, he concludes, because the running of the limitation period was never triggered, his request for review was timely.

In response, employer contends the legislature intended that the term "the parties at issue" be construed to include the parties' counsel of record. Such was the "sensible" construction the commission applied in Clay in 1996, employer argues, and, because the legislature has knowingly acquiesced in that construction ever since, it is entitled to great weight. Hence, employer concludes, the twenty-day limitation period

-

began to run when claimant's attorney of record received a copy of the opinion by certified mail on March 4, 1999, and claimant's request for review filed on March 25, 1999 was untimely. We disagree with employer's argument.

While we generally give great weight and deference, on appeal, to the commission's construction of the Workers' Compensation Act, we are "not bound by the commission's legal analysis in this or prior cases." U.S. Air, Inc. v. Joyce, 27 Va. App. 184, 189 n.1, 497 S.E.2d 904, 906 n.1 (1998). Indeed, we will withhold the deference we normally accord the commission's statutory interpretation of the Workers' Compensation Act when the commission's interpretation conflicts with the plain language of the statute. Commonwealth, Dep't of Mines, Minerals and Energy v. May Bros., Inc., 11 Va. App. 115, 119, 396 S.E.2d 695, 697 (1990). "We are required to construe the law as it is written. 'An erroneous construction by those charged with its administration cannot be permitted to override the clear mandates of a statute.'" Id. (quoting Hurt v. Caldwell, 222 Va. 91, 97, 279 S.E.2d 138, 142 (1981)). We "are not authorized to amend, alter or extend the [Workers' Compensation] Act's provisions beyond their obvious meaning." Cross v. Newport News Shipbuilding and Dry Dock Co., 21 Va. App. 530, 533, 465 S.E.2d 598, 599 (1996).

-

We are further mindful that,

> [u]nder basic rules of statutory
> construction, we examine a statute in its
> entirety, rather than by isolating
> particular words or phrases.  Earley v.
> Landsidle, 257 Va. 365, 369, 514 S.E.2d 153,
> 155 (1999); Ragan v. Woodcroft Village
> Apartments, 255 Va. 322, 325, 497 S.E.2d
> 740, 742 (1998); Buonocore v. C&P Telephone
> Co., 254 Va. 469, 472-73, 492 S.E.2d 439,
> 441 (1997).  When the language in a statute
> is clear and unambiguous, we are bound by
> the plain meaning of that language.  Earley,
> 257 Va. at 370, 514 S.E.2d at 155; Ragan,
> 255 Va. at 326, 497 S.E.2d at 742; Harrison
> & Bates, Inc. v. Featherstone Assoc., 253
> Va. 364, 368, 484 S.E.2d 883, 885 (1997).
> We must determine the General Assembly's
> intent from the words appearing in the
> statute, unless a literal construction of
> the statute would yield an absurd result.
> Earley, 257 Va. at 369, 514 S.E.2d at 155;
> Ragan, 255 Va. at 325-26, 497 S.E.2d at 742;
> Abbott v. Willey, 253 Va. 88, 91, 479 S.E.2d
> 528, 530 (1997).

Cummings v. Fulghum, 261 Va. 73, 77, 540 S.E.2d 494, 496 (2001).

Furthermore, "[w]here the legislature has used words of a plain

and definite import the courts cannot put upon them a

construction which amounts to holding the legislature did not

mean what it has actually expressed."  City of Virginia Beach v.

ESG Enters., 243 Va. 149, 152-53, 413 S.E.2d 642, 644 (1992).

Applying these principles, we hold that the commission's

construction of the term "the parties at issue" in the second

sentence of Code § 65.2-704(A) is unfounded.  The language of

both Code § 65.2-704(A) and Code § 65.2-705(A) is clear and

unambiguous.  The first sentence of Code § 65.2-704(A) provides,

-

inter alia, that the commission "shall hear the parties at issue, their representatives, and witnesses."  The second sentence of Code § 65.2-704(A) reads, "A copy of the award or opinion shall be sent immediately to the parties at issue by registered or certified mail."  Code § 65.2-705(A) provides, inter alia, that, if a request for review is timely filed, the full commission shall "hear the parties at issue, their representatives, and witnesses" and, upon reaching a decision, immediately send a copy of the award "to the parties at issue." This language draws a clear distinction between "the parties at issue" and "their representatives."

Had the legislature intended that the sending of a copy of an opinion or award to the party's attorney of record be considered the equivalent of sending a copy to the party, the legislature could have so indicated, but it did not.  Indeed, in specifically providing in Code § 65.2-715 that the commission must provide copies of its opinions to the parties and to their counsel, the legislature has indicated otherwise.  Code § 65.2-715 provides:

> Whenever, in the course of proceedings in connection with awards, the Workers' Compensation Commission issues any written notice, opinion, order or award regarding a specific case, the Commission shall provide copies to the employee, the employer and the compensation carrier, and, if represented, their counsel, at the same time.

-

This statute reinforces the notion that, for purposes of notice, the legislature intended to treat the parties and their counsel as separate entities.[2]

We conclude, therefore, that Code § 65.2-704(A) means what it plainly says, namely, that a copy of the award or opinion must be sent by registered or certified mail to the parties themselves. Such a literal construction does not yield an absurd result. Conversely, affirming the contrary statutory construction employed by the commission, and sought by employer, would require us to extend the Workers' Compensation Act's provisions beyond their obvious meaning and to hold that the legislature did not mean what it actually expressed. If such a change is to be made, it is for the legislature to undertake, not us. Thus, the sending of a copy of an opinion by certified

---

[2] By comparison, the Workers' Compensation Act states in Code § 65.2-101 that, "[i]f the employer is insured, [the definition of employer] includes his insurer so far as applicable," and provides in Code § 65.2-809 for constructive notice to the employer's insurer as follows:

> All policies insuring the payment of compensation under this title must contain clauses to the effect (i) that as between the employer and the insurer notice to or knowledge of the occurrence of the injury on the part of the insured employer shall be deemed notice or knowledge on the part of the insurer, (ii) that jurisdiction of the insured for the purposes of this title shall be jurisdiction of the insurer, and (iii) that the insurer shall in all things be bound by and subject to the awards, judgments or decrees rendered against such insured employer.

-

mail solely to a party's attorney of record, as occurred in this case, does not satisfy Code § 65.2-704(A)'s mandate that "[a] copy of the award or opinion . . . be sent . . . to the parties at issue by registered or certified mail."

As for employer's contention that the commission's construction of Code § 65.2-704(A)'s mailing requirement in Clay is entitled to great weight because the legislature has acquiesced in that construction for over five years, we find that such a claim is without merit. While it is true, generally, that the "legislature is presumed to be cognizant of an agency's construction of its statute and when such construction continues without alteration, it is presumed that the legislature has acquiesced therein," Hudock v. Indus. Comm'n, 1 Va. App. 474, 480, 340 S.E.2d 168, 172 (1986), here no such presumptions attach because the commission's construction in Clay of Code § 65.2-704(A)'s mailing requirement was merely dicta.

In Clay, the commission reviewed the deputy commissioner's suspension of a claimant's compensation benefits due to the claimant's failure to cooperate with the job placement services provided by the employer. Upon review, the commission set forth in its opinion the circumstances related to the claimant's noncompliance and concluded as follows:

> We agree with the findings of the
> Deputy Commissioner that the claimant has
> failed to cooperate with vocational

-

> rehabilitation and job placement services
> provided by the employer pursuant to Va.
> Code Ann. Sec. 65.2-603.  Accordingly, the
> August 11, 1995 Opinion suspending payment
> of compensation under the Commission's open
> Award is AFFIRMED.

The commission also included in its opinion in Clay a lengthy, unrelated paragraph commencing as follows:

> The claimant in her petition for review
> raised other matters not argued in her
> written statement, which we therefore
> consider waived.  For the record, however,
> we find no error in the findings and rulings
> of the Deputy Commissioner on these issues.

(Citations omitted.)  Following analyses of several such issues, the paragraph concludes:

> Finally, the claimant by counsel argues that
> the Deputy Commissioner erred by not sending
> a copy of the opinion to the claimant.
> Assuming arguendo this is true, Va. Code
> Ann. Sec. 65.2-704 directs that "[a] copy of
> the award shall be sent immediately to the
> parties at issue."  The copy sent to both
> counsel satisfied the Commission's
> obligation under that Section.  Moreover,
> any such error was clearly harmless, which
> is demonstrated by the timely application
> for review that was filed.

The commission's opinion is void of any facts related to this discussion.

In light of the commission's statements in Clay that it considered the issue "waived" and that "any such error" arising from the commission's alleged failure to send a copy of the opinion to claimant "was clearly harmless" because a "timely application for review [had been] filed," we conclude that the

-

commission's declaration that a "copy [of the opinion] sent to both counsel satisfied the Commission's obligation under [Code § 65.2-704(A)]" was no more than dicta. Furthermore, we have found, and employer has cited, no opinion, prior to the instant case, in which the commission relied on the language in Clay regarding Code § 65.2-704(A). We conclude, therefore, that no presumption that the legislature was cognizant of the commission's construction of Code § 65.2-704(A) in Clay or that the legislature acquiesced in that construction arises in this case.

For these reasons, we hold that Code § 65.2-705(A)'s twenty-day limitation period for requesting review of an award or opinion of the commission begins to run when the party, rather than the party's attorney of record, receives a copy of the award or opinion by registered or certified mail. Thus, because claimant never received a copy of the deputy commissioner's March 2, 1999 opinion by registered or certified mail, as required by Code § 65.2-704(A), Code § 65.2-705(A)'s limitation period never began to run with respect to his request for review filed March 25, 1999. Hence, claimant's request for review was timely, and the full commission had jurisdiction to review the deputy commissioner's March 2, 1999 opinion.

Accordingly, we reverse the commission's decision rejecting claimant's request for review of the deputy commissioner's March

-

2, 1999 opinion and remand this matter to the commission for further proceedings consistent with this opinion.

<u>Reversed and remanded.</u>