COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Fitzpatrick, Judges Benton and Bumgardner
Argued at Richmond, Virginia


JAMES MELVIN ASHBY

                                                          OPINION BY
v.        Record No. 2777-04-3            CHIEF JUDGE JOHANNA L. FITZPATRICK
                                                          NOVEMBER 22, 2005

RAMAR COAL COMPANY, INC. AND
 LIBERTY MUTUAL INSURANCE COMPANY


                 FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Steven R. Minor (Dawn Figueiras; R. Lucas Hobbs; Elliott,
            Lawson & Minor, on briefs), for appellant.

            Brian J. Rife (Penn, Stuart & Eskridge, on brief), for appellees.


        James Melvin Ashby (claimant) contends the Workers' Compensation Commission

(commission) erred in finding his request for review was untimely under Rule 3.1 and Code

§ 65.2-705.  The sole issue on appeal is whether the commission erred in its determination that

the actual notice provision of Code § 65.2-705 applies only to awards reached after a hearing.

We reverse the commission and remand this matter for further proceedings consistent with this

opinion.

## I.  BACKGROUND

        The facts of this case are undisputed.  Claimant sustained a work-related injury February

3, 1994.  The carrier voluntarily paid claimant the maximum 500 weeks of temporary total

disability.  Claimant never filed a claim with the commission for those benefits or his initial

injury.  At the end of the 500 weeks of temporary total disability, claimant remained totally

disabled.  He filed a claim for permanent and total disability in an attempt to preserve his

indemnity benefits.  However, the commission would not consider his claim for permanent and

total disability without an award that memorialized the initial injury and benefits already paid to claimant. Claimant and carrier signed and submitted an Agreement to Pay Benefits. The commission entered a "record purposes only" award based upon the Agreement to Pay Benefits. The award order also provided lifetime medical benefits for "reasonable, necessary, and authorized medical treatment causally related to the 02/03/1994 injury." The award was issued April 15, 2004 and mailed by regular mail to all parties. Claimant's counsel received the award April 19, 2004, and claimant received the award April 21, 2004. On May 5, 2004, claimant's counsel requested a review of the award by letter sent regular mail. As grounds for the review, he stated that the carrier failed to include medical benefits for an alleged second work injury. The commission received the request for review on May 7, 2004. Employer's counsel moved to dismiss the request for review because it failed to comply with Rule 3.1. The commission held that:

> Contrary to the claimant's argument on Review, his counsel's receipt of the Award Order on April 19, 2004 (and the claimant's receipt on April 21, 2004), did not alter the requirement to file the request for Review within 20 days as required by Rule 3.1. Virginia Code § 65.2-705, in conjunction with Code § 65.2-704, mandates a filing of a request for Review within 20 days after a party's receipt of an Award or Opinion. These Sections pertain to the receipt of an Award or Opinion decided by the Commission following a hearing. The current case involved an Award Order based upon the parties' submitted Agreement to Pay Benefits.

Claimant's request for review was dismissed as untimely. Claimant appeals that decision.

## II. ANALYSIS

Claimant contends that his request for review was filed timely because the review period is calculated from the date of receipt of the award pursuant to Code § 65.2-705. This is solely an issue of law that we review *de novo*. "[T]he question presented is solely an issue of law. Issues of law are reviewed *de novo* by this Court." Ratliff v. Carter Machinery Co., Inc., 39 Va. App. 586, 589-90, 575 S.E.2d 571, 573 (2003) (citing Rusty's Welding Service, Inc. v. Gibson, 29

Va. App. 119, 127, 510 S.E.2d 255, 259 (1999) (citing Sinclair v. Shelter Constr. Corp., 23

Va. App. 154, 156-57, 474 S.E.2d 856, 857-58 (1996))).

> While we generally give great weight and deference, on appeal, to the commission's construction of the Workers' Compensation Act, we are not bound by the commission's legal analysis in this or prior cases. Indeed, we will withhold the deference we normally accord the commission's statutory interpretation of the Workers' Compensation Act when the commission's interpretation conflicts with the plain language of the statute. We are required to construe the law as it is written. An erroneous construction by those charged with its administration cannot be permitted to override the clear mandates of a statute. We are not authorized to amend, alter or extend the Workers' Compensation Act's provisions beyond their obvious meaning.

Peacock v. Browning Ferris, Inc., 38 Va. App. 241, 248-49, 563 S.E.2d 368, 372 (2002) (internal

citations and quotations omitted).

Rule 3.1 provides that: "A request for review of a decision or award of the Commission

shall be filed by a party in writing with the Clerk of the Commission within 20 days of the date

of such decision or award."

Code § 65.2-705(A) provides in pertinent part:

> If an application for review is made to the Commission within *20 days after receipt of notice* of such award to be sent as provided in subsection A of § 65.2-704,[1] the full Commission, . . ., shall review the evidence, or if deemed advisable, . . ., hear the parties at issue. . . . The Commission shall make an award which, together with a statement of the findings of fact, rulings of law, and other matters pertinent to the questions at issue, shall be filed with the record of the proceedings. A copy of the award shall be sent immediately to the parties at issue by priority mail with delivery confirmation or equivalent mailing option.

(Emphasis added.) The commission's determination that the "receipt" of notice required by

Code § 65.2-705 applies only to an award entered after an evidentiary hearing and excludes this

---

[1] Code § 65.2-704(A) provides the award be sent by priority mail with delivery confirmation or equivalent. Neither the commission nor the claimant used priority, certified or registered mail.

requirement for awards entered upon agreements reached by the parties has neither statutory nor case law support. There is no substantive difference between an award issued as the result of an evidentiary hearing and one reached as a result of an agreement between the parties. We have held that "an award of compensation entered upon [an Agreement to Pay Benefits] is as enforceable as an award entered in a contested proceeding." Butler v. City of Virginia Beach, 22 Va. App. 601, 604, 471 S.E.2d 830, 830 (1996). See also J & D Masonry v. Kornegay, 224 Va. 292, 295, 295 S.E.2d 887, 889 (1982). Thus there is no rationale for treating the two procedures differently.

Code § 65.2-705, as amended in 1998, allows the filing for a review "within 20 days *after receipt* of notice of such award." (Emphasis added.) While Rule 3.1 states that the filing is to be done within 20 days of the date of the award, it is clear that any limitations set by the commission's rule must give way to the statutory mandate. Where a rule of the commission conflicts with a statute, the statute must prevail. See Sargent Electric Company v. Woodall, 228 Va. 419, 424-25, 323 S.E.2d 102, 105 (1984); Brown v. United Airlines, 34 Va. App. 273, 276, 540 S.E.2d 521, 522 (2001) (noting that the commission has no power to make rules that are inconsistent with the Workers' Compensation Act). See also Peacock, 38 Va. App. at 246 n.1, 563 S.E.2d at 371 n.1.

Additionally, we note that the commission has repeatedly found that Rule 3.1 and Code § 65.2-705 apply to awards issued without evidentiary hearings.

> The employee asserts that the twenty day period for filing a petition for review pursuant to Code of Virginia § 65.2-705 is inapplicable . . . because the Commission entered an award order memorializing memoranda of agreement to which both parties had affixed their signatures. . . . [W]e disagree with the employee's assertion that the period allowed for review should not apply in the present case. Parties to awards and orders entered by the Virginia Workers' Compensation Commission are always entitled to the right of review provided in Code of Virginia § 65.2-705. If this were not the case, for example, a party would not have the

- 4 -

> opportunity to petition for review of a technical error in an award
> which memorializes the agreements of the parties.

Hall v. The Weather Conditions, 75 Va. WC 66 (1996).  See also Davidson v. Eastern State Hosp., 04 WC UNP 1943194 (employer appealed commission award entered based on agreements submitted by parties untimely and Rule 3.1 and Code § 65.2-705 applied); Baacke v. Danis Environmental, No. 209-82-68 (Va. Workers' Comp. Comm'n July 1, 2003) (award entered based on agreements appealed outside 20 days and Rule 3.1 and Code § 65.2-705 applied); Henderson v. Henrico Public Works, No. 189-66-52 (Va. Workers' Comp. Comm'n April 21, 2003) (settlement approval appealed outside of 20 days and Rule 3.1 and Code § 65.2-705 applied); Cain v. Warrior Express, No. 174-64-95 (Va. Workers' Comp. Comm'n September 20, 2001) (commission granted relief requested in employer's application for hearing and request for review was untimely, Rule 3.1 and Code § 65.2-705 applied); Daly v. SMC Concrete, No. 197-84-90 (Va. Workers' Comp. Comm'n July 26, 2001) (settlement approval appealed outside of 20 days and Rule 3.1 and Code § 65.2-705 applied); Brandon v. Richmond Highway CVS, No. 192-13-88 (Va. Workers' Comp. Comm'n March 30, 2000) (claimant requested review of commission decision that he was not entitled to benefits based on his application one month after decision was rendered and Rule 3.1 and Code § 65.2-705 applied).

Therefore, based on the uncontested evidence in the instant case, claimant's request was filed timely.  Claimant's counsel received the award on April 19, 2004, and the commission received his request for review on May 7, 2004, a period of 19 days.  For the foregoing reasons, we reverse and remand to the commission for proceedings consistent with this opinion.[2]

Reversed and remanded.

---

[2] Because we find the request for review was timely, we do not address claimant's second issue on appeal, that modification of the award was justified as a result of fraud, mistake or imposition.