COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys,* Huff and Athey
Argued at Virginia Beach, Virginia

**PUBLISHED**

JOSHUA STANTON

v.      Record No. 0344-23-1

VIRGINIA BEACH - FIRE OPERATIONS

OPINION BY
JUDGE CLIFFORD L. ATHEY, JR.
JANUARY 30, 2024

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

> Casey M. Ariail (River Run Law Group, PLLC, on brief), for
> appellant.
>
> Christopher J. Turpin (Office of the City Attorney, on brief), for
> appellee.

Joshua Stanton ("Stanton") filed an application for benefits with the Virginia Workers'

Compensation Commission (the "Commission") alleging a change in his condition, under Code

§ 65.2-708. The Commission subsequently denied the application. On appeal, Stanton contends

that the Commission erred in its interpretation of Code § 65.2-708. Specifically, he asserts that the

tolling provisions under Code § 65.2-708(C) apply to the circumstances here and therefore extend

the applicable statute of limitations under Code § 65.2-708(A), permitting an award of benefits. For

the following reasons, we affirm the Commission's denial.

I. BACKGROUND

Stanton sustained a compensable injury to his hip on August 30, 2014, when he fractured his

hip in the course of his employment as a firefighter paramedic for the City of Virginia Beach. On

---

* Judge Humphreys participated in the hearing and decision of this case prior to the
effective date of his retirement on December 31, 2023.

that same date, he underwent surgery and had three screws placed in his hip.[1]  He received a

compensatory award by order dated September 18, 2015, and "was awarded temporary total

disability benefits from August 30, 2014[,] through October 14, 2014."  He also received partial

disability benefits from June 23, 2015, through August 25, 2015.  In September of 2015, Stanton

returned to full duty work, and remained on full duty work, until his hip was replaced in August of

2021.  His condition had remained stable until March of 2021 when pain in the hip led him to seek

further treatment.  Testing revealed that he suffered from avascular necrosis of the hip, leading to a

total hip replacement operation performed on August 31, 2021.  Following the hip replacement,

Stanton was placed on light duty from October 2021 through November 2021, and returned to full

duty thereafter, earning his pre-injury wage.

Stanton filed applications with the Commission in November 2021 and February 2022

alleging a change in his condition.  After a hearing before the deputy commissioner, an opinion was

entered.[2]  Then, upon Stanton's motion to reconsider, the deputy commissioner vacated the opinion,

and later issued a new opinion[3] denying benefits because "Stanton's change of condition . . .

---

[1] In a prehearing statement signed by Stanton and his employer, Stanton acknowledged that "[t]he screws placed in [Stanton's] hip in 2014 were stabilizing hardware, not prostheses. The limitations period was thus not extended by repair replacement of prosthesis in 2021."

[2] Following this hearing, the deputy commissioner "found that the screws Dr. Kline implanted meet the definition of an 'orthosis.'"  In reaching this finding, the deputy commissioner noted that "Merriam-Webster defines an orthosis as 'an external medical device (such as a brace or splint) for supporting, immobilizing, or treating muscles, joints, or skeletal parts which are weak, ineffective, deformed, or injured.'"  The deputy commissioner further found that the screws did not qualify as a prosthesis.

[3] The deputy commissioner made the same finding concerning the orthosis, and further found that the surgery that Stanton underwent was not a "surgical procedure compensable under § 65.2-603 to repair or replace a prosthesis or orthosis."  *See* Code § 65.2-708.  In reaching this conclusion, the deputy commissioner analogized Stanton's claim to the *Benson v. Abbitt Management Inc.*, VWC File No. 192-28-58 (Va. Wrk. Comp. Comm. Aug. 2, 2006), case, noting that similarly "Stanton did not undergo a repair or replacement of the screws," but rather had "the previously implanted hardware" removed.  *See Benson*, VWC File No. 192-28-58, slip

occurred beyond the statute of limitations set forth in Code § 65.2-708 and that his claims for compensation for temporary total disability and permanent impairment [were] untimely." The deputy commissioner then made the same award.[4]

Stanton appealed the ruling of the deputy commissioner to the Commission which affirmed the deputy commissioner's decision but upon separate grounds.[5] In its opinion, the Commission noted that Stanton "[did] not dispute that he last received [compensation] payments . . . on or around August 22, 2015." As a result, the Commission held that the tolling provision in subsection (C) was no longer applicable because Stanton "worked for the employer for over six years since the date he last received compensation pursuant to an award." Stanton appealed.

## II. ANALYSIS

### A. *Standard of Review*

"An award of the Workers' Compensation Commission is 'conclusive and binding as to all questions of fact.'" *Med. Mgmt. Int'l. v. Jeffry*, 75 Va. App. 679, 684 (2022) (quoting Code § 65.2-706). "But we review the Commission's determinations of law de novo." *Id.* "The

---

op. at *8-9 (finding that a "removal" was not a repair or replacement under Code § 65.2-603). Similarly, Stanton had screws removed that had been implanted in 2014 and instead of repairing or replacing the screws, Stanton had surgery to replace his hip.

[4] The award only differed in the amount of attorney fees awarded to Stanton's attorney.

[5] The deputy commissioner relied on *Frisk v. Marshall's*, VWC File No. 183-99-55 (Va. Wrk. Comp. Comm. June 6, 2007), in reaching its conclusion "that Stanton's change of condition . . . occurred beyond the statute of limitations set forth in Code § 65.2-708 and that his claims for compensation for temporary total disability and permanent impairment are untimely." *See Frisk*, VWC File No. 183-99-55, slip op. at *3 ("It cannot be said under these circumstances that the claimant was lulled into a false sense of security causing her filing to be delayed."). The Commission instead contrasted Stanton's circumstances to the facts in *Ford Motor Co. v. Gordon*, 281 Va. 543 (2011), in that Gordon "intermittently worked light duty for the employer in between periods of temporary total disability" therefore allowing for that light-duty employment to be "considered compensation for purposes of tolling" under Code § 65.2-708(A). Meanwhile, Stanton had returned to full-time duty for longer than the statute of limitations of 24 months under Code § 65.2-708(A).

[C]ommission's construction of the [Workers' Compensation] Act is entitled to great weight on appeal." *Id.* at 684 (alterations in original) (quoting *Wiggins v. Fairfax Park Ltd. P'ship*, 22 Va. App. 432, 441 (1996)). "Yet we are 'not bound by the [C]ommission's legal analysis in this or prior cases.'" *Id.* at 685 (alteration in original) (quoting *Peacock v. Browning Ferris, Inc.*, 38 Va. App. 241, 248 (2002)). "An issue of statutory interpretation is a pure question of law which we review de novo." *Ford Motor Co. v. Gordon*, 281 Va. 543, 549 (2011).

B. *The Commission did not err in rejecting Stanton's change in condition application and declining to grant him benefits.*

Stanton argues on appeal that the Commission erred in failing to review his change in condition application and grant him benefits because the compensation paid to him fell within "the tolling provisions of Code § 65.2-708(A)." Stanton argues that because Code § 65.2-708(C) "expand[s] the definition of compensation, [and] applies a new starting point" for the statute of limitations in Code § 65.2-708(A), his light-duty wages paid from October 21, 2021, through November 29, 2021, fell within the "expand[ed] definition of compensation" of Code § 65.2-708(C) and restarted the two-year statute of limitations under Code § 65.2-708(A). We disagree.

"The plain, obvious, and rational meaning of a statute is to be preferred over any curious, narrow, or strained construction." *Gordon*, 281 Va. at 549 (quoting *Meeks v. Commonwealth*, 274 Va. 798, 802 (2007)). "[W]e have a duty, whenever possible, 'to interpret the several parts of a statute as a consistent and harmonious whole so as to effectuate the legislative goal.'" *Oraee v. Breeding*, 270 Va. 488, 498 (2005) (quoting *Virginia Elec. & Power Co. v. Bd. of Cnty. Supervisors of Prince William Cnty.*, 226 Va. 382, 387-88 (1983)).

In full, Code § 65.2-708(A) states:

> Upon its own motion or upon the application of any party in interest, on the ground of a change in condition, the Commission may review any award of compensation and on such review may make an award ending, diminishing or increasing the compensation previously awarded, subject to the maximum or minimum provided in this title,

and shall immediately send to the parties a copy of the award. No application filed by a party alleging a change in condition shall be docketed for hearing by the Commission unless any medical reports upon which the party is relying are submitted to the Commission. No such review shall affect such award as regards any moneys paid except pursuant to §§ 65.2-712, 65.2-1105, and 65.2-1205. *No such review shall be made after 24 months from the last day for which compensation was paid, pursuant to an award under this title,* except: (i) 36 months from the last day for which compensation was paid shall be allowed for the filing of claims payable under § 65.2-503 and certain claims under subsection B of § 65.2-406 or (ii) 24 months from the day that the claimant undergoes any surgical procedure compensable under § 65.2-603 to repair or replace a prosthesis or orthosis.[6]

(Emphasis added). Code § 65.2-708(C) states:

> All wages paid, for a period not exceeding 24 consecutive months, to an employee (i) who is physically unable to return to his pre-injury work due to a compensable injury and (ii) who is provided work within his capacity at a wage equal to or greater than his pre-injury wage shall be considered compensation paid pursuant to an award for compensation but shall not result in a reduction of the maximum number of weeks of compensation benefits as described in §§ 65.2-500 and 65.2-518.

In *Gordon*, the Supreme Court noted that when reviewing awards based on a "change in condition," pursuant to Code § 65.2-708(A), the Commission must first look to see if the change in condition occurred within the 24-month timeline following "the last day for which compensation was paid, pursuant to an award under this title." 281 Va. at 550. The Commission will then consider the tolling provision within Code § 65.2-708(C). The conditions of the tolling provision are specifically that an employee be (1) "physically unable to return to his pre-injury work due to a compensable injury," (2) "provided work within his capacity," and (3) provided such work "at a wage equal to or greater than his pre-injury wage." *Gordon*, 281 Va. at 550. "[B]y expanding the

_____

[6] Subsection (A)(ii) further excepts the statute of limitations for "24 months from the day that the claimant undergoes any surgical procedure compensable under § 65.2-603 to repair or replace a prosthesis or orthosis." Stanton made no argument to the deputy commissioner, the full Commission, or on appeal that this incident fell under exception (A)(ii).

- 5 -

definition of 'compensation' under subsection (A) to include wages which meet certain conditions," the tolling provisions of subsection (C) effectively can extend subsection (A)'s statute of limitations. *Id.*

Stanton's contention that the Commission erred by failing to review his change in condition is best understood in the context of *Gordon*. In *Gordon*, the Supreme Court interpreted the relationship between Code § 65.2-708(A) and (C). Stanton contends that subsection (C) "expand[s] the definition of compensation" and thus allows for a "new starting point" for the two-year limitations period articulated in Code § 65.2-708(A). In effect, he argues that under subsection (C), a claimant receives "compensation . . . pursuant to an award" whenever the three requirements under subsection (C) are met. Specifically, Stanton asserts here that (1) "[he] [was] physically unable to perform pre-injury work as a result of the compensable injury"; (2) "[t]he employer . . . [provided] . . . [him] work within his restricted capacity"; and (3) he "earn[ed] equal or greater than his pre-injury wage while working in that capacity." Thus, Stanton contends that the two-year statute of limitations restarted for him on November 29, 2021, when he completed his period of light-duty work as a result of the necessity for hip replacement surgery because at that time, he met all three requirements under subsection (C).

In *Gordon*, the Supreme Court held that pursuant to Code § 65.2-708(A), the "statute of limitations runs anew under each successive award of compensation for a particular compensable injury and is triggered on the last day for which compensation was paid" and that subsection (C) "provide[es] for wages meeting certain prescribed conditions to be treated as compensation under Code § 65.2-708(A)." 281 Va. at 551-52. Further, the Supreme Court also held that the "two-year statute of limitations under subsection A is tolled while the claimant receives compensation, 'pursuant to an award.'" *Id.* at 551 (quoting Code § 65.2-708(A)). Thus, "the determining factor" in considering whether "a change-in-condition application" is "time-barred

- 6 -

under Code § 65.2-708(A) is the date 'for which compensation was [last] paid, pursuant to an award." *See id.* (alteration in original).

Here, the Commission correctly distinguished the facts in *Gordon* from the facts in this case, because, unlike Gordon, who received light-duty wages before the statute of limitations expired, thereby tolling the statute of limitations in Code § 65.2-708(A), Stanton had worked over six years on full duty after he stopped receiving compensation pursuant to his 2014 award. The Commission further noted that Code § 65.2-708(C)'s tolling provision only applied to Gordon's subsequent light-duty wages following his initial injury because the light-duty work occurred within subsection (A)'s two-year statute of limitations.

Hence, in keeping with the analysis followed in *Gordon*, we are first required to look to the date that "compensation was [last] paid," which was in September of 2015, when Stanton returned to full duty work, receiving his pre-injury wages. Thus, September of 2015 was the last time that Stanton received compensation "pursuant to an award." As a result, the two-year statute of limitations period under Code § 65.2-708(A) began in September of 2015, and any tolling of subsection (A) due to the fulfillment of the conditions described in subsection (C) would need to have occurred in the following 24 months. Since Stanton was not placed on light duty again until six years later in October of 2021 after undergoing hip replacement surgery, he may have fulfilled the conditions as expressed in subsection (C), but he did so outside of the statute of limitations of subsection (A). Therefore, we find no error in the Commission's finding and affirm the Commission's decision.

### III. CONCLUSION

For the above reasons, we affirm the finding of the Commission.

*Affirmed.*